UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,        Docket No. 1:19-CV-00232
GEICO GENERAL INSURANCE COMPANY
and GEICO CASUALTY COMPANY,

                               Plaintiffs,
   - against -

M S B RX CORP. d/b/a FOREST DRUGS,
TAIRA RX CORP. d/b/a FOREST DRUGS, KZ
PHARMACY INC., MICHAEL SLAVA BASSANELL,
MIKHAIL BORUKHOV, IRINA HAKIMI, MANI
USHYAROV, D.O., JORDAN SUDBERG, M.D., AND
JOHN DOE NOS. "1" THROUGH "5",

                               Defendants.
----------------------------------------------------------------------X

**DEFENDANT'S JORDAN SUDBERG'S M.D.**
**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**



Counselors at Law

1425 RXR PLAZA
UNIONDALE, NEW YORK 11556-1425

(516) 663-6600

## **TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

POINT I  PLAINTIFFS PERSIST IN PURSUING THEIR FIRST
CAUSE OF ACTION AGAINST DR. SUDBERG
EVEN THOUGH IT SEEKS NO RELIEF AGAINST HIM .................................. 2

POINT II  PLAINTIFFS HAVE FAILED TO IDENTIFY
SPECIFIC FACTUAL ASSERTIONS TO SET
FORTH A RICO CONSPIRACY CLAIMS AGAINST
DR. SUDBERG ....................................................................................................... 3

POINT III  PLAINTIFFS HAVE FAILED TO SPECIFICALLY
ALLEGE DR. SUDBERG'S ACTUAL KNOWLEDGE
OF THE ALLEGED FRAUD OR ANY SUBSTANTIAL
ASSISTANCE BY HIM TO ADVANCE IT .......................................................... 9

POINT IV  IF THE FEDERAL CLAIMS ARE DISMISSED,
THIS COURT SHOULD REFRAIN FROM
EXERCISING JURISDICTION OVER THE
STATE CLAIMS .................................................................................................. 11

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**                                                  **PAGE**

*AIU Insurance Co. v. Olmecs Medical Supply, Inc.*,
No, CV-04-2934, 2005 WL 3710370 (E.D.N.Y. Feb. 22, 2005) ...................................................... 6

*Allstate Ins. Co. v. Smirnov*,
No. 12-cv-1246, 2013 WL 5407224 (E.D.N.Y. Aug. 21, 2013) ...................................................... 4

*Davis v. Yeroushalmi*,
985 F. Supp.2d 349 (E.D.N.Y. 2013) ............................................................................................. 3

*FD Property Holding, Inc. v. US Traffic Corp.*,
206 F. Supp.2d 362 (E.D.N.Y. 2002) ............................................................................................. 3

*Gov't Employees Ins. Co. v. Active Care Medical Supply Corp*,
No. 12-cv-5632, 2013 WL 2319426 (E.D.N.Y. May 28, 2013) ..................................................... 4

*Gov't Employees Ins. Co. v. Esses*,
No. 12-cv-4424, 2013 WL 5972481 (E.D.N.Y. Nov. 5, 2013) ...................................................... 4

*Gov't Employees Ins. Co. v. Gateva*,
No. 12-cv-4236, 2014 WL 1330846 (E.D.N.Y. March 30, 2014),
*amended*, 2014 WL 1843291 (E.D.N.Y. May 8, 2014) ................................................................. 4

*Gov't Employees Ins. Co. v. Infinity Health Products, Ltd.*,
No. 10-cv-5611, 2012 WL 1427796 (E.D.N.Y. Apr. 6, 2012) ....................................................... 4

*Gov't Employees Ins. Co. v. Village Medical Supply, Inc.*,
No. 11-CV-2863, 2014 U.S. Dist. LEXIS 58058 (E.D.N.Y. March 19, 2014) .............................. 4

*Holmes v. Allstate Corp.*,
No. 11 Civ. 1543, 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) .................................................... 10

*Hoyle v. Dimond*,
612 F. Supp.2d 225 (W.D.N.Y. 2009) ............................................................................................ 3

*Kanterakis v. Kanterakis*,
125 A.D.3d 814 (2d Dep't 2015) .................................................................................................... 9

*State Farm Mutual Auto Ins. Co. v. CPT Services, P.C.*,
No. 04-cv-5045, 2008 WL 4146190 (E.D.N.Y. Sept. 5, 2008) ...................................................... 6

*State Farm Mutual Auto Ins. Co. v. Grafman*,
655 F. Supp.2d 212 (E.D.N.Y. 2009) ........................................................................................ 4, 5

*State Farm Mutual Auto Ins. Co. v. James M. Liguori, M.D., P.C.*,
589 F. Supp.2d 221 (E.D.N.Y. 2008) ...................................................................................... 7

*State Farm Mutual Automobile Ins. Co. v. Rabiner*,
749 F. Supp.2d 94 (E.D.N.Y. 2010) ........................................................................................ 7

*Targum v. Citrin Cooperman & Co., LLP*,
No. 12 Civ. 6909, 2013 WL 6087400 (S.D.N.Y. Nov. 19, 2013) .......................................... 10

## STATUTES AND OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) ........................................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1

## PRELIMINARY STATEMENT

Defendant Jordan Sudberg, M.D. ("Dr. Sudberg") submits this Reply Memorandum of Law in further support of his motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

Merriam Webster's dictionary defines the term "granular" as finely detailed. Twice in their opposition papers, plaintiffs argue that their Complaint described Dr. Sudberg's participation in the alleged scheme in "granular detail". *See* Plaintiffs' Opposition brief, pp. 1, 13. However, the Complaint provides virtually no detail – and certainly nothing finely detailed – about Dr. Sudberg's alleged involvement. Plaintiff fails to identify any portion or paragraph of the Complaint that contains any detail of the agreement that Dr. Sudberg supposedly made, with whom it was made, when it was commenced and what specific actions Dr. Sudberg supposedly performed in furtherance of the agreement.

Plaintiffs try to overcome their lack of specific, factual detail with repetitive, conclusory statements, and little else. That does not suffice to overcome the Complaint's defects. Nor do any of the cases cited by plaintiffs rescue their pleading. None of the cases that plaintiffs rely upon involved a pleading that was so completely lacking in factual specifics as the pleading here.

As set forth below, and in the initial moving papers, the Complaint should be dismissed in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFFS PERSIST IN PURSUING THEIR FIRST CAUSE OF ACTION AGAINST DR. SUDBERG EVEN THOUGH IT SEEKS NO RELIEF AGAINST HIM

It is uncontroverted that plaintiffs' first cause of action seeks a declaratory judgment that "MSB RX, Taira Rx, and KZ Pharmacy have no right to receive payment for any pending bills submitted to GEICO". *See* Complaint, ¶ 211. It is also uncontroverted that plaintiffs' first cause of action does not seek to avoid paying any claims Dr. Sudberg submitted to them. Even though the sole focus is the insurance claims submitted by the Pharmacy Defendants, plaintiffs persist in arguing that its first cause of action presents an actual case or controversy between them and Dr. Sudberg. Their argument defies logic.

Plaintiffs try to justify their argument by claiming that (some of) the claims were based on prescriptions allegedly written by Dr. Sudberg.[1] At most, that makes Dr. Sudberg a potential witness to claims based on a prescription he wrote. It does not make him a proper party to a dispute concerning payment of that claim. Looking at it from another perspective, if plaintiffs had denied the claims they now challenge in the Complaint, and the pharmacies had sued to compel payment, plaintiffs would not argue Dr. Sudberg was an indispensable party. If it believed he was a relevant witness, it would subpoena him, but would not join him as a party. The same logic applies here.

Plaintiffs also argue that Dr. Sudberg is a proper party to the claim because he may be impacted professionally or personally in some manner or some other forum if this Court determines that a prescription was not medically necessary. But the possibility that an adverse

---

[1] Based on the information contained in the Complaint and its exhibits, plaintiffs have only identified two prescriptions that Dr. Sudberg allegedly wrote over a several year period, neither of which required the patient to use any of the pharmacies listed as co-defendants.

decision here might have some impact elsewhere does not create an actual case or controversy between Dr. Sudberg and plaintiffs. If that were so, the floodgates would open and almost anybody impacted by a decision could be named as a defendant in a cause of action for a declaratory judgment.

Plaintiffs' attempt to embroil Dr. Sudberg in the declaratory judgment portion of this action reveals their strategy to subject Dr. Sudberg to vast, unnecessary expense in an effort to attrition him into submission. That strategy is also evident by the fact that: (a) only two documents out of the ninety-seven pages of exhibits attached to the Complaint even contain Dr. Sudberg's name; and (b) plaintiffs have failed to identify even a single act or action committed by Dr. Sudberg and, instead, their claims rely entirely on vague, general statements asserted against Dr. Sudberg and Mani Ushyarov, collectively, without any individual attribution. *See infra.*

In any event, because plaintiffs' first cause of action seeks no relief as against Dr. Sudberg, that cause of action must be dismissed as against him.

### POINT II

### PLAINTIFFS HAVE FAILED TO IDENTIFY SPECIFIC FACTUAL ASSERTIONS TO SET FORTH A RICO CONSPIRACY CLAIM AGAINST DR. SUDBERG

In his initial brief, Dr. Sudberg demonstrated that a complaint asserting a claim under 18 U.S.C. §1962(d) must state with specificity what the agreement was, who entered into the agreement, when the agreement commenced, and what actions were taken in furtherance of it. *Davis v. Yeroushalmi*, 985 F. Supp.2d 349, 362 (E.D.N.Y. 2013)(Gershon, J.); *Hoyle v. Dimond*, 612 F. Supp.2d 225, 233 (W.D.N.Y. 2009); *FD Property Holding, Inc. v. US Traffic Corp.*, 206 F. Supp.2d 362, 373 (E.D.N.Y. 2002).

Dr. Sudberg's initial brief also demonstrated that plaintiffs' Complaint completely lacked the necessary specifics to set forth a RICO conspiracy claim as to him. Plaintiffs' opposing brief fails to rectify their deficient pleading. At times, plaintiffs' brief simply repeats verbatim the vague, conclusory allegations stated in the Complaint. *See* Plaintiffs' Brief, pp. 2-4, and 7, 8. At other times, plaintiffs cite a host of cases, many of which are easily distinguishable based on the level of specificity contained in those other cases, and none of which are sufficient to defeat this motion.

Many of the cases plaintiffs rely upon were decided on default wherein the Court approved the Magistrate's Report without opposition. All of the following cases cited by plaintiffs involved that procedural posture: *Gov't Employees Ins. Co. v. Gateva*, No. 12-cv-4236, 2014 WL 1330846 (E.D.N.Y. March 30, 2014), *amended*, 2014 WL 1843291 (E.D.N.Y. May 8, 2014); *Gov't Employees Ins. Co. v. Esses*, No. 12-cv-4424, 2013 WL 5972481 (E.D.N.Y. Nov. 5, 2013); *Allstate Ins. Co. v. Smirnov*, No. 12-cv-1246, 2013 WL 5407224 (E.D.N.Y. Aug. 21, 2013); *Gov't Employees Ins. Co. v. Infinity Health Products, Ltd.*, No. 10-cv-5611, 2012 WL 1427796 (E.D.N.Y. Apr. 6, 2012); *Gov't Employees Ins. Co. v. Active Care Medical Supply Corp*, No. 12-cv-5632, 2013 WL 2319426 (E.D.N.Y. May 28, 2013); and *Gov't Employees Ins. Co. v. Village Medical Supply, Inc.*, No. 11-CV-2863, 2014 U.S. Dist. LEXIS 58058 (E.D.N.Y. March 19, 2014). Since these decisions were rendered on default, the defendants did not point out any defects in the pleading. Thus, those decisions are of limited precedential value here.

Although plaintiffs cite *State Farm Mutual Auto Ins. Co. v. Grafman*, 655 F. Supp.2d 212 (E.D.N.Y. 2009), that case actually supports Dr. Sudberg's motion to dismiss. The allegations and/or exhibits in that Amended Complaint were far more specific and detailed than the pleading

here. The Amended Complaint in *State Farm v. Grafman, supra*, included documentary support for the RICO conspiracy allegations by attaching the following as exhibits:

- a representative sample of checks, fraudulent bills and corresponding mailings that evidenced the collusive arrangement. *See* Ex. A attached to the Declaration of Adam L. Browser dated June 20, 2019 ("Browser Reply Decl."), at ¶¶ 119, 120, 235, 253, 271, 288, 318, 336, 366, 462, and 480;

- charts that listed checks exchanged between the parties as evidence of their collusive arrangement. *See* Browser Reply Decl., Ex. A, ¶¶ 32, 34 and 36; and

- affidavits from Yury Savransky and Roger Brick, which described some portion of the collusive arrangement. *See* Browser Reply Decl., Ex. A, ¶¶ 35 and 39.

The Court in *Grafman* relied heavily on the exhibits when it denied the motion to dismiss. It stated:

> [P]laintiff provides, in multiple exhibits to its Amended Complaint, an extensive sampling of statements alleged to be fraudulent including dates of mailing, corresponding claim numbers, entities which submitted many of the claims, the price allegedly paid by the submitting entity and the price charged to plaintiff.

*Grafman, supra* at 228.

Unlike in *Grafman*, the exhibits to plaintiffs' Complaint do not provide any supporting evidence of a conspiratorial agreement involving Dr. Sudberg; rather the exhibits demonstrate the paucity of plaintiffs' allegations against him. The Complaint contains four exhibits totaling 97 pages but only two of those pages appear to relate to Dr. Sudberg. Those two pages are prescriptions that purport to bear his signature and neither requires the prescriptions be filled at the pharmacies with whom Dr. Sudberg is accused of engaging in a conspiracy.

Furthermore, not only do the charts attached to the Complaint fail to even reference Dr. Sudberg, they are insufficient to support plaintiffs' vague allegations of a kickback. The only financial item contained in those charts is the price the Pharmacy Defendants purportedly charged plaintiffs. In contrast, the charts attached as exhibits to the *Grafman* Amended Complaint contained both the price allegedly paid by the submitting entity and the price charged to the insurer, thus showing how the price was improperly inflated. *Grafman, supra* at 288. Plaintiffs here have made absolutely no showing that Dr. Sudberg was involved in inflating any prices or altering any invoices. They have made absolutely no showing of any kickbacks made to Dr. Sudberg. Plaintiffs' allegations here are specious at best, and far from the detailed showing in *Grafman*.

For similar reasons, plaintiffs' reliance on *State Farm Mutual Auto Ins. Co. v. CPT Services, P.C.*, No. 04-cv-5045, 2008 WL 4146190 (E.D.N.Y. Sept. 5, 2008) is unavailing. In that case, the Complaint was supported by charts, letters of medical necessity endorsed by doctors and sample examination reports which included specific misrepresentations submitted to the carrier. Here, there are no such documents created by Dr. Sudberg or submitted by him. Although plaintiffs repeatedly assert that Dr. Sudberg issued many prescriptions that were not medically necessary, they provide no representative samples to support their assertion.

The situation at bar is also distinguishable from that in *AIU Insurance Co. v. Olmecs Medical Supply, Inc.*, No, CV-04-2934, 2005 WL 3710370 (E.D.N.Y. Feb. 22, 2005), another case upon which plaintiffs rely. In *Olmecs*, plaintiffs listed "79 and 39 claims supported by prescriptions written by moving defendants Rook and Surikov, respectively" and the Court found the prescribing doctors were "key participants" who had made "critical misrepresentations" and "created false documents". *Id*. at *9. Here, plaintiffs fail to allege any facts which indicate Dr.

Sudberg was a key participant. While they allege Michael Bassanell was the mastermind of the alleged scheme (*see* Complaint, ¶ 1), they do not allege any involvement by Dr. Sudberg either in the creation of the pharmacy entities or the transfer of ownership thereof. Nor do they allege any involvement by Dr. Sudberg in the manufacture of the pharmaceuticals at issue or the submission of claims to plaintiffs. They do not allege any critical representation or even a single false document made by Dr. Sudberg. Plaintiffs' entire case against Dr. Sudberg is premised on two identified prescriptions that do not even specify where they are to be filled. The allegations here fall far short of what the Court in *Olmecs* found to be sufficient.

Plaintiffs also rely upon *State Farm Mutual Automobile Ins. Co. v. Rabiner*, 749 F. Supp.2d 94 (E.D.N.Y. 2010) and *State Farm Mutual Auto Ins. Co. v. James M. Liguori, M.D., P.C.*, 589 F. Supp.2d 221 (E.D.N.Y. 2008) but those cases do not apply here. The decision in *Rabiner* did not involve RICO claims. The decision in *Liguori* primarily involved the 30 day rule and did not address whether a RICO conspiracy claim was adequately pleaded. Thus, they have no bearing on the sufficiency of plaintiffs' RICO conspiracy claims here. Plaintiffs fail to explain how those cases are relevant.

In sum, the case law plaintiffs rely upon to demonstrate the adequacy of their RICO conspiracy does the opposite. It shows how inadequately those claims have been pleaded as against Dr. Sudberg. Perhaps that is why plaintiffs resort to accusing Dr. Sudberg of twisting, distorting and misapplying the Complaint's allegations. But plaintiffs actually do what they accuse Dr. Sudberg of.

They argue "the Complaint details how Sudberg and Ushyarov ***agreed to*** illegal arrangements with the Pharmacy Defendants regarding compounding and/or dispensing coded or specially marked prescriptions and how the Prescribing Defendants ***agreed to*** accept kickbacks

- 7 -

from the Pharmacy Defendants … ." Plaintiffs' Brief, p. 9 (emphasis supplied). Plaintiffs then cite to 40 paragraphs of the Complaint as supposed support for their argument, but that support is not there. None of those 40 paragraphs identify with whom Dr. Sudberg allegedly entered into the illicit arrangement. None of those 40 paragraphs allege when Dr. Sudberg entered into the agreement with the unidentified alleged co-conspirator. None of those 40 paragraphs identify any meetings or conversations involving Dr. Sudberg. And none of those 40 paragraphs identify even a single kickback received by Dr. Sudberg. In short, the 40 paragraphs that supposedly support plaintiffs' RICO conspiracy claim, like their entire Complaint, shed heat but no light.

Dr. Sudberg is not arguing – as plaintiffs' claim (*see* Plaintiffs' Brief, p. 11) – that plaintiffs must plead the exact dollar amount of each kickback or the precise date or time. On the contrary, Dr. Sudberg is claiming that plaintiffs must allege something more than merely stating kickbacks were made. Had plaintiffs alleged from whom Dr. Sudberg received a kickback, that might suffice. But they did not allege from whom Dr. Sudberg allegedly received any kickback. Had plaintiffs alleged an approximate amount of any kickback, that might suffice. But plaintiffs did not allege any approximate amount. Had the plaintiffs alleged where or how a kickback was transmitted, that might suffice. But plaintiffs did not explain how or where Dr. Sudberg received any kickback. Had plaintiffs alleged generally when the kickback took place, that might suffice. But they did not allege anything other than the scheme allegedly began in 2015 and kickbacks occurred at or near the time the prescriptions were issued. *See* Complaint, ¶¶ 8, 174. Considering that plaintiffs' Complaint and exhibits identified only two prescriptions purportedly issued by Dr. Sudberg, plaintiffs' kickback allegations boil down to the following: Over a four year period, on two occasions, one or more of the seven defendants, somewhere and

somehow, gave something of value to Dr. Sudberg. Plaintiffs' vague, amorphous pleading is insufficient.

As discussed in Dr. Sudberg's initial Memorandum of Law, Plaintiffs acknowledged in their Complaint the allegedly collusive arrangement was actually with the clinic(s) that housed Dr. Sudberg's practice and not with him. *See* Complaint, ¶160. In an attempt to overcome that acknowledgment, as well as the lack of specific allegations regarding any conduct by Dr. Sudberg, plaintiffs now argue that Dr. Sudberg is liable for alleged actions taken by John Doe defendants who worked at the clinics. Plaintiffs' Brief, p. 12. Plaintiffs cite no support for their new theory. While agency liability might apply for a negligence-based claim, it does not apply to RICO claims. In any event, plaintiffs cannot avoid their obligation to plead specific factual allegations about the agreement Dr. Sudberg allegedly entered into and what he did in support of that agreement. Any actions allegedly taken by others do not suffice.

For these reasons, and those set forth in the initial moving papers, plaintiffs' third and eighth causes of action should be dismissed as against Dr. Sudberg.

## POINT III

### PLAINTIFFS HAVE FAILED TO SPECIFICALLY ALLEGE DR. SUBDERG'S ACTUAL KNOWLEDGE OF THE ALLEGED FRAUD OR ANY SUBSTANTIAL ASSISTANCE BY HIM TO ADVANCE IT

Plaintiffs admit that a claim of aiding and abetting fraud must allege, in addition to the existence of a fraud, that the defendant had actual knowledge of the fraud and provided substantial assistance to advance its' commission. They concede these elements must be pled with specificity. *See, e.g. Kanterakis v. Kanterakis*, 125 A.D.3d 814 (2d Dep't 2015).

Plaintiffs have failed to plead with any specificity either that Dr. Sudberg had actual knowledge of the alleged fraud or that he provided substantial assistance to advance its

commission. They merely recite those elements in a conclusory fashion, but allege no facts in support. While they cite to 40 paragraphs of the Complaint, none of those paragraphs provide any support and certainly not any specifics. None of those 40 paragraphs allege how Dr. Sudberg had actual knowledge of the alleged fraud. None of the allegations state that he knew defendant Michael Bassasnell was the true owner of the pharmacies, that he was aware of any illegal compounding or that he knew of any irregularities in billings by the pharmacy defendants. Nowhere do those paragraphs identify any meetings, conversations or communications involving Dr. Sudberg in which he might have acquired actual knowledge of the alleged fraud.

Furthermore, none of the 40 paragraphs plaintiffs cite to allege any assistance or conduct by Dr. Sudberg in advancing the alleged fraud other than by issuing non-opioid prescriptions, the efficacy of which plaintiffs question. And none of those 40 paragraphs identify even a single kickback received by Dr. Sudberg which might demonstrate his participation in the alleged fraud. The 40 paragraphs plaintiffs rely upon provide no specifics. They are vague, conclusory allegations, and fall far short of pleading an aiding and abetting fraud claim with particularity.

This is especially so here where all of plaintiffs' allegations grouped Dr. Sudberg with the co-defendant, Mani Usharyov. Plaintiffs have failed to explain why they are excused from the obligation to specifically plead each defendant's role in the alleged fraud. Plaintiffs have failed to distinguish why its aiding and abetting claim should not be dismissed as occurred in *Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909, 2013 WL 6087400, at *4 (S.D.N.Y. Nov. 19, 2013) and *Holmes v. Allstate Corp.*, No. 11 Civ. 1543, 2012 WL 627238, at *25 (S.D.N.Y. Jan. 27, 2012).

Accordingly, Plaintiffs' fifth and tenth causes of action should be dismissed as against Dr. Sudberg.

## POINT IV

## IF THE FEDERAL CLAIMS ARE DISMISSED, THIS COURT SHOULD REFRAIN FROM EXERCISING JURISDICTION OVER THE STATE LAW CLAIMS

Plaintiffs do not oppose Dr. Sudberg's request that this Court should not exercise jurisdiction over the state law claims against Dr. Sudberg if the RICO claims are dismissed.

## CONCLUSION

For the reasons set forth above, and those in Dr. Sudberg's initial moving papers, Dr. Sudberg's motion to dismiss should be granted in its entirety.

Dated: Uniondale, New York
       June 20, 2019

RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
Douglas M. Nadjari, Esq.
Adam L. Browser, Esq.
Nicole Della Ragione, Esq
*Attorney for Jordan Sudberg, M.D.*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

859270-v2