UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE             Docket No. 19-CV-00232
COMPANY, et al.
    *Plaintiffs*

   - against –

M S B RX Corp., et al.,

    *Defendants*
-----------------------------------------------------------------X


REPLY MEMORANDUM OF LAW FROM DEFENDANT MANI USHYAROV, D.O., IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

 

GARY TSIRELMAN, PC
129 Livingston Street
2nd Floor
Brooklyn, NY  11201
(718) 438-1200
*Counsel for Defendant Mani Ushyarov, D.O.*

# PRELIMINARY STATEMENT

Dr. Mani Ushyarov, D.O. submits this reply in further support of his motion to dismiss the Complaint under Rules 12(b)(6) and 9(b) of the Federal rules of Civil Procedure.

Plaintiffs' opposition papers repeatedly assert that Plaintiffs have made detailed allegations against Dr. Ushyarov when, in reality, Plaintiffs continuously repeat the same boilerplate and conclusory allegations bereft of necessary details. Plaintiffs rely on the faulty assumption that a large volume of conclusory allegations makes up for a paucity of detailed allegations as to Dr. Ushyarov's alleged agreement with the other Defendants to further the alleged enterprise. Plaintiffs never state the terms or date of any agreement between Dr. Ushyarov and the other Defendants. Plaintiffs never articulate whether Dr. Ushyarov received money, goods, or some other benefit for his alleged involvement in the scheme. Plaintiffs never state that Dr. Ushyarov directly communicated with the other Defendants at all.

Plaintiffs additionally rely on distinguishable case law including decisions resolving unopposed motions for summary judgment. None of the cases cited, or Plaintiffs' repetition, cures the Complaint of its lack of specificity. Finally, Plaintiffs persist in their bizarre insistence that Dr. Ushyarov is somehow a proper party for a declaratory judgment claim against the Pharmacy Defendants[1] despite that it seeks

---

[1] Defendants Michael Slava Bassanell, Mkhail Borukhov, Irina Hakimi, MSB RX Corp., Taira RX Corp., and KZ Pharmacy, Inc.

1

no relief applicable to Dr. Ushyarov. The Complaint ought therefore be dismissed in its entirety as against Dr. Ushyarov.

# ARGUMENT

## I. Plaintiffs Fails To Plead Facts Supporting A RICO Conspiracy Claim Against Dr. Ushyarov

As set forth in his moving papers, Plaintiffs" burden is to "establish that the defendants 'agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise.'" Conte v. Newsday, Inc., 703 F. Supp. 2d 126, 133 (E.D.N.Y. 2010) (quoting Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 244 (2d Cir. 1999). Specifically, plaintiffs must allege as to each co-conspirator "(1) an agreement to join the conspiracy; (2) the acts of each co-conspirator in furtherance of the conspiracy; (3) that the co-conspirator knowingly participated in the same." Abbott Labs. v. Adelphia Supply USA, No. 15-CV-5826 (CBA) (LB), 2017 U.S. Dist. LEXIS 1007, at *35 (E.D.N.Y. Jan. 4, 2017) (dismissing a RICO conspiracy claim because plaintiffs only made conclusory allegations as to the defendants' agreement to conspire to violate the RICO Act) (citing Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC, 2012 U.S. Dist. LEXIS 51841, at *23 (S.D.N.Y. Apr. 11, 2012)). "Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." Hecht v.

Commerce Clearing House, Inc., 897 F.2d 21, 25 (2d Cir. 1990). Plaintiffs have utterly failed to plead such an agreement with specificity here.

Plaintiffs' opposition papers claim that the Complaint "shows how" Dr. Ushyarov agreed to the alleged arrangements with the Pharmacy Defendants. Pls.' Mem. at 9. In support of this assertion, Plaintiffs vaguely gesture to "above," ostensibly meaning the boilerplate allegations repeated earlier in their memorandum. Id. Those allegations fall far short of the specific pleading required by Abbot Labs., 2017 U.S. Dist. LEXIS 1007. Specifically, Plaintiffs provide no details beyond the conclusory assertions that Dr. Ushyarov "entered into illegal arrangements with the Pharmacy Defendants"[2] and that "Ushyarov would not have prescribed the [allegedly] Fraudulent Pain products but for the payments of kickbacks from the Pharmacy Defendants." Pls.' Mem. at 7-8. These threadbare allegations do not suffice to show a "meeting of the minds" even coupled with a description of the alleged scheme. See, e.g., Wood v. GMC, No. 08 CV 5224 (PKC) (AKT), 2015 U.S. Dist. LEXIS 37782, at *28 (E.D.N.Y. Mar. 25, 2015) (holding that allegations about the structure of an alleged enterprise "are insufficient to establish that each defendant consciously agreed to commit the specific predicate acts."). The Abbott Labs. decision explicitly rejects RICO conspiracy pleadings based on an inference that Defendants must have had an agreement or else they would have behaved differently. Abbot Labs., 2017 U.S. Dist. LEXIS 1007, at *11 and *35-36 (holding that plaintiff's allegations of a RICO conspiracy against defendants were

---

[2] Plaintiffs repeat this phrase; once for alleged violations of New York Education Law § 6503(38) and again regarding the alleged kickback agreements.

3

conclusory even though the plaintiff had alleged that the defendants must have been acting together because the operation of the alleged conspiracy depended on such collusion). Plaintiffs thus have failed to allege the key facts necessary to state a valid claim against Dr. Ushyarov for RICO conspiracy.

Furthermore, the cases cited by Plaintiffs are distinguishable. The Grafman case involved much more specific allegations as to the alleged arrangements between plaintiffs and defendants. State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F. Supp. 2d 212 (E.D.N.Y. 2009). Such allegations include the nature of the kickbacks and how they were paid as well as the inclusion of charts setting for each defendant's role in the alleged scheme. Id. at 218, 228. Here, Plaintiffs rely on conclusory assertions regarding the kickback allegations at all. Furthermore, the Complaint does not set forth who prescribed each compound dispensed by Pharmacy Defendants; Dr. Ushyarov is not on notice as to whether any particular bill listed in the exhibits to the Complaint involves a prescription he wrote.

Plaintiffs also rely on State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., No. 04 CV 5045 (ILG), 2008 U.S. Dist. LEXIS 71156, at *8 (E.D.N.Y. Sep. 3, 2008) to support their thesis that conspiracy only need to be alleged conclusorily to defeat a motion to dismiss. This reliance is misplaced because it is clear the complaint at issue in CPT Med. Servs., P.C. detailed the alleged conspiracy with specificity, from the involvement of laypersons owning and controlling the defendant medical providers to the concealment of kickbacks paid in exchange for referrals by characterizing them as management fees. Id. at *7-10. No such details

4

are present in Plaintiffs' Complaint, which only states that kickbacks were paid to Dr. Ushyarov without any further detail.

Plaintiffs do not analyze any other cases in support of their conclusory pleading of RICO conspiracy, although they supply a litany of citations to decisions that are either inapposite or of dubious value because they were issued in response to unopposed motions for default judgment. Pls.' Mem. 5-6.

Plaintiffs have thus failed to adequately plead a RICO conspiracy cause of action against Dr. Ushyarov. Plaintiffs' third and eighth causes of action must therefore be dismissed against Dr. Ushyarov.

## II. Plaintiffs Fails To Plead Facts Supporting An Aiding And Abetting Fraud Claim against Dr. Ushyarov

Plaintiffs' argument in support of their aiding and abetting causes of action fall short for the same reason as those in support of their RICO conspiracy claims: the Complaint does not specifically allege that Dr. Ushyarov had any knowledge of the alleged fraudulent scheme. It is hornbook law that a claim of "[a]iding and abetting fraud 'is not made out simply by allegations which would be sufficient to state a claim against the principal participants in the fraud' combined with conclusory allegations that the aider and abettor had actual knowledge of such fraud" but must rather be pleaded with particularity. Goel v. Ramachandran, 111 A.D.3d 783, 792 (N.Y. App. Div. 2013) (quoting Nat'l Westminster Bank USA v. Weksel, 124 A.D.2d 144, 149 (N.Y. App. Div. 1987)).

5

Here, Plaintiffs again point to their voluminous but conclusory allegations that Dr. Ushyarov "entered into illegal arrangements with the Pharmacy Defendants" without ever setting forth any specific facts that Dr. Ushyarov had any knowledge of the alleged fraudulent scheme to overcharge Plaintiffs for the prescribed medications. Plaintiffs further appear to argue that because they do not believe pain medication as medically necessary in the first place, Dr. Ushyarov must have knowledge of the alleged scheme operated by the Pharmacy Defendants. Plaintiffs make no substantive allegation that Dr. Ushyarov ever possessed any such knowledge and instead rely on conclusory statements and innuendo to underlie their aiding and abetting causes of action.

Plaintiffs' citation to Travelers Indem. Co. v. Valley Psychological, P.C., No. 11-CV-2834 (NGG) (RER), 2012 U.S. Dist. LEXIS 118190 (E.D.N.Y. Aug. 20, 2012) in support of their aiding and abetting causes of action is confusing because defendants sole and woefully incorrect argument against aiding and abetting was that no civil conspiracy cause of action exists under New York law. The court in that matter ruled against defendants on that count because defendants never disputed that the facts would support such a cause of action. Id. at *19. The Valley Psychological, P.C. decision is therefore inapposite.

Accordingly, GEICO's fifth and tenth causes of action against Dr. Ushyarov must be dismissed.

### III. Plaintiffs Have No Basis To Seek A Declaratory Judgment Against Dr. Ushyarov.

Plaintiffs argue that their declaratory judgment cause of action ought to be upheld against Dr. Ushyarov despite seeking no relief from Dr. Ushyarov on the bizarre theory that any third party that may be affected by a declaratory judgment, however remotely, is a property party to the cause of action. Plaintiffs' theory is absurd and unsupported by law or logic.

It is well-settled that a Declaratory Judgment Act claim must be "definite and concrete, touching the legal relations of parties having adverse interests," as well as "real and substantial and admi[t] of specific relief through a decree of a conclusive character." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). While the claim against the Pharmacy Defendants may be concrete and admit of specific relief through a declaration that the bills they have submitted to Plaintiffs are not reimbursable, there is no such concrete declaratory claim against Dr. Ushyarov. Indeed, Plaintiffs readily admit that they seek no declaration s to any rights between Plaintiffs and Dr, Ushyarov. Pls.' Mem. 19. Plaintiffs disingenuously argue that because their declaratory cause of action involves allegations that Pharmacy Defendants' bills for filling prescriptions created by Dr. Ushyarov that Dr. Ushyarov must be a proper party to the cause of action. It is telling that Plaintiffs do not cite a single case in which a court has upheld a declaratory judgment claim against a third-party to the ultimate declaration. This standard, if adopted, would allow a plaintiff to level a declaratory judgment cause of action against countless third parties. This is, in part, why courts have consistently found

7

that there must be a definite and concrete controversy touching on the legal relations between the party seeking a declaration and the party against whom such a declaration is sought. Dr. Ushyarov is neither seeking a declaration nor do Plaintiffs seek one against him. For this reason alone Plaintiffs' declaratory judgment claim against Dr. Ushyarov must be dismissed.

Furthermore, Plaintiffs' claim against Dr. Ushyarov seeks no relief that is not implicitly sought in the other causes of action. See, e.g., Campione v. Campione, 942 F. Supp. 2d 279, 285 (E.D.N.Y. 2013) (dismissing declaratory judgment cause of action because the remedy sought by plaintiff in the declaratory judgment mirrored relief sought by the other causes of action). The declaratory judgment cause of action is duplicative insofar as it relies on the same allegations, and suffers from the same infirmities, as the conspiracy and aiding and abetting claims. Should the Court allow any other cause of action to proceed against Dr. Ushyarov, the declaratory judgment cause of action must be dismissed.

## Conclusion

Based on the foregoing, Dr. Ushyarov requests that the Court dismiss the first, third, fifth, eighth, and tenth causes of action against him with prejudice and for any other relief the Court may deem just and proper.

Dated: Brooklyn, NY　　　　　　　　　　　　　　　　　　　GARY TSIRELMAN, P.C.
June 20, 2019　　　　　　　　　　　　　　　　　　　　　　BY: */s/ Nicholas Bowers*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Nicholas Bowers, Esq.

Gary Tsirelman, Esq.<br>
129 Livingston Street<br>
2nd and 3rd Floors<br>
Brooklyn, NY  11201<br>
(718)438-1200